IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**MICHAEL JAY BRACKETT,**

 Petitioner,

**v.**           **CIVIL ACTION NO.: 3: 15CV6**
             **CRIMINAL ACTION NO.: 3: 08CR56**
             **(JUDGE BAILEY)**

**UNITED STATES OF AMERICA,**

 Respondent.

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On January 27, 2015, Michael Jay Brackett ("Petitioner"), proceeding *pro se*, filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Motion"). (Civil Action No. 3:15-cv-6, ECF No. 1; Criminal Action No. 3:08-cr-56, ECF No. 207). That same day, the Clerk of the Court mailed Petitioner a Notice of Deficient Pleading, which informed him he had twenty-one (21) days to correct his Motion by filing it on the correct form as per Local Rule of Prisoner Litigation Procedure 3.4. (ECF No. 210).[1] Petitioner filed his correct form ("Court-Approved Motion") on February 11, 2015. (ECF No. 212).

The undersigned now issues this Report and Recommendation on Petitioner's Motion without holding an evidentiary hearing. For the reasons stated below, the undersigned recommends that the District Judge deny and dismiss Petitioner's Motion under 28 U.S.C. §2255.

### II. FACTS

---

[1] From this point forward, all ECF numbers refer to Criminal Action No. 3:08-cr-56.

1

### A. Conviction and Sentence

On July 9, 2008, a grand jury sitting in the Northern District of West Virginia returned an indictment against Petitioner and a co-defendant. (ECF No. 1). Petitioner was charged with conspiracy to possess and sell stolen firearms and a felon in possession of a firearm. (Id.). On October 7, 2008, Petitioner was found guilty of conspiracy to possess and sell stolen firearms and a felon in possession of a firearm. (ECF No. 72). On December 31, 2008, Petitioner filed a combined motion for a new trial and motion for judgment of acquittal notwithstanding the verdict of the jury. (ECF No. 97). On January 29, 2009, United States District Chief Judge John Preston Bailey ("Judge Bailey") denied both motions. (ECF No. 106). On February 27, 2009, Judge Bailey sentenced Petitioner to prison for sixty (60) months and three years of supervised release for his conviction for conspiracy to possess and sell stolen firearms and 210 months and five years of supervised release for his conviction of a felon in possession of a firearm, with the sentences to be served concurrently. (ECF No. 117).

### B. Direct Appeal

On March 6, 2009, Petitioner filed a Notice of Appeal with the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit"). (ECF No. 120). On April 12, 2010, the Fourth Circuit issued an unpublished *per curiam* opinion affirming the conviction and sentence of Petitioner. (ECF No. 135). Petitioner did not file a Petition for a Writ of Certiorari.

### C. Petitioner's First Federal Habeas Corpus[2]

On April 11, 2011, Petitioner, by counsel, filed a Motion to Vacate his sentence under 28 U.S.C. § 2255. (ECF No. 139) In that motion, Petitioner alleged nine claims of ineffective assistance of counsel. Thereafter, Petitioner filed a *pro se* motion alleging an additional five claims

---

[2] For a complete history, including the precise claims raised, see ECF No. 152.

of ineffective assistance of counsel. (ECF No. 143). On November 15, 2011, United States Magistrate Judge David J. Joel ("Magistrate Judge Joel") issued a Report & Recommendation ("R&R") recommending that Petitioner's § 2255 motion (ECF No. 139) be denied and dismissed. Magistrate Judge Joel further recommended that Petitioner's *pro se* motion (ECF No. 143) be denied in part and severed in part. More specifically, Magistrate Judge Joel recommended that the first four claims of Petitioner's *pro se* motion be denied because he failed to demonstrate any claims of ineffective assistance of counsel, but that his fifth claim be severed because of an apparent conflict of interest. (ECF No. 152). On January 26, 2012, after a thorough review of the record, Judge Bailey adopted the findings of the R&R and held that the § 2255 petition prepared by counsel and the first four claims contained in the *pro* se motion were denied and dismissed with prejudice, and the fifth *pro* se claim was severed pending a further recommendation by Magistrate Judge Joel. (ECF No. 158). Thereafter, on April 16, 2012, after the severed claim had been fully briefed, Magistrate Judge Joel issued a Report and Recommendation which recommended dismissing said claim. (ECF No. 171). On June 7, 2012, Judge Bailey adopted the Report and Recommendation, dismissed the severed claim and denied Petitioner a certificate of appealability. (ECF No. 177).

On August 8, 2012, Petitioner nevertheless filed an appeal with the Fourth Circuit. (ECF No. 180). On August 29, 2013, the Fourth Circuit denied Petitioner a certificate of appealability and dismissed the appeal after finding that he had failed to make the requisite showing for a certificate to issue. (ECF No. 197).

### D. *Petitioners' Second Federal Habeas Corpus*

In the instant action, Petitioner admits that he was convicted of violating 18 U.S.C. Section 922(j) and 18 U.S.C. Sections 922(g)(1), 924(a)(2), and 924(e)(1). (ECF No. 207). However, Petitioner asserts that Judge Bailey improperly enhanced his sentence by utilizing 18 U.S.C. §

3

924(e), the Armed Career Criminal Act ("ACCA") which, he argues, violates the holding in Descamps v. United States, 133 S. Ct. 2276.[3] (Id.). Further, Petitioner asserts that his counsel failed to object to the improper enhancement at the sentencing hearing. (Id.). For relief, Petitioner requests that he be re-sentenced.

### III.    Analysis

Regarding a second or successive federal habeas corpus, 28 U.S.C. § 2255 states:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

In order for a petition to be considered successive, the first petition must have been considered on the merits. Harvey v. Horan, 278 F.3d 370 (4th Cir. 2002). Here Petitioner's first § 2255 was dismissed on the merits by Judge Bailey on January 26, 2012, (ECF No. 158) and June 7, 2012. (ECF No. 177). Thus, the undersigned finds that the current § 2255 motion is a second or successive motion and that Petitioner did not obtain authorization from the Fourth Circuit to file a successive § 2255 motion.[4] Accordingly, pursuant to 28 U.S.C. § 2244 and 28 U.S.C. § 2255,

---

[3] Descamps is a 2013 ruling by the United States Supreme Court that California's burglary statute was not a divisible statute, meaning courts were not free to look at the facts behind the convictions and make a determination as to whether it is a violent crime. 133 S. Ct. 2281-82. More specifically, the Court found that when a statute is not divisible between violent and nonviolent crimes the reviewing court must simply use the categorical approach to determine whether the conviction qualifies for the Armed Career Criminal Act. (Id. at 2286). In Descamps, the Court found that California's burglary statute was too broad to fit the normal or traditional definition of burglary and therefore, could not qualify as an offense under the Armed Career Criminal Act. (Id. at 2285-86).

[4] It would appear that Petitioner is aware of this requirement, as he previously sought permission from the Fourth Circuit under 28 U.S.C. § 2244 for an order authorizing the district court to consider a second or

this Court is without authority to hear Petitioner's second federal habeas petition. See United States v. Winestock 340 F.3d 200, 207 (4th Cir. 2003).

The undersigned is mindful that Petitioner has argued equitable tolling. In doing so, it appears that Petitioner has confused the concept of timeliness with that of a second or successive application under § 2255. However, as more fully explained below, even if Petitioner had not filed a first § 2255, his current petition would be untimely despite the ruling in Descamps.

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255.

The limitation period shall run from the last of:

1. The date on which the judgment of conviction becomes final;

2. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;[5] or

4. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In general, to satisfy the statute of limitations, a petitioner must have filed his motion within one year from "the date on which [his] judgment of conviction bec[ame] final." 28 U.S.C. §

---

successive application for relief under 28 U.S.C. § 2255. That request was denied on July 31, 2012. (ECF. No. 179).

[5] The one-year statute of limitation period under this subsection runs from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made retroactive. Dodd v. United States, 545 U.S. 353 (2005).

5

2255(f)(1). The Fourth Circuit has determined that a federal prisoner's conviction becomes final on the date upon which he fails to pursue further direct appellate review of his conviction. United States v. Sanders, 247 F.3d 139, 142 (4th Cir. 2001). Petitioner's appeal was denied on April 12, 2010. Therefore, because he did not pursue a writ of certiorari, his conviction became "final" pursuant to § 2255(f)(1) on July 12, 2010. See Supreme Ct. Rule 13.3; Clay v. United States, 537 U.S. 522, 523 (2003). Accordingly, Petitioner had until July 12, 2011, to file his § 2255 motion, but his instant motion was not filed until January 27, 2015. Because Petitioner filed his motion after the one-year statute of limitations ran, the undersigned finds that the motion would be untimely under § 2255(f)(1) even if it were his first § 2255 motion.

However, the Fourth Circuit has held that the AEDPA statute of limitations is subject to equitable modifications such as tolling. United States v. Prescott, 221 F.3d 686, 687-88 (4th Cir. 2000). Nonetheless, "rarely will circumstances warrant equitable tolling." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003). In order to be entitled to equitable tolling, the petitioner bears the burden of presenting evidence which shows that he was prevented from timely filing his § 2255 petition because of circumstances beyond his control, or external to his own conduct, and that it would be unconscionable, or that a gross injustice would occur, if the limitation were enforced. Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). To make such a showing, petitioner must also show that he employed reasonable diligence in investigating and bringing his claims. Miller v. New Jersey State Department of Corrections, 145 F.3d 616, 617 (3rd Cir. 1998).

In this case, Petitioner alleges that he is entitled to equitable tolling in light of the Descamps decision. In effect, Petitioner is actually arguing that his § 2255 motion is timely pursuant to 28 U.S.C. § 2255(f)(3). The undersigned finds that this section does not apply because several circuits have noted that Descamps is not retroactively applicable to cases on collateral reviews. See, e.g.,

6

Groves v. United States, 755 F.3d 588, 593 (7th Cir. 2014); Wilson v. Warden, FCC Coleman, 581 F. App'x 750, 753 (11th Cir. 2014); Baker v. Chapa, 578 F. App'x 464, 465 (5th Cir. 2014) (per curiam); United States v. Montes, 570 F. App'x 830, 831 (10th Cir. 2014); United States v. Tenderholt, No. 14-8051, 2014 WL 7146025, at *1-2 (10th Cir. Dec. 16, 2014). As the Tenth Circuit has stated, "[t]he Descamps opinion simply applied existing doctrine." Montes, 570 F. App'x at 831. At least two district courts within the Fourth Circuit have held that Descamps is not retroactively applicable. See Baker v. Zych, No. 7:13-cv-00512, 2014 WL 1875114, at *2 (W.D. Va. May 9, 2014); Randolph v. United States, Nos. CCB-13-1227, CCB-09-0244, 2013 WL 5960881, at *1 (D. Md. Nov. 6, 2013) ("The Supreme Court has not, however, indicated that Descamps applies retroactively to cases on collateral appeal, and this court is not aware of any circuit court opinion so holding."). Other district courts around the country have agreed. See United States v. Mitchell, Nos. 3:03cr57/LC/CJK, 3:14cv313/LC/CJK, 2014 WL 3720582, at *2 n.3 (N.D. Fla. July 28, 2014) (collecting cases). Accordingly, because Descamps does not apply retroactively, Petitioner could not rely upon that decision to render his current motion timely under § 2255(f)(3).

## **IV.    Recommendation**

For the foregoing reasons, the undersigned recommends that Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Civil Action No. 3:15-cv-6, ECF No. 1; Criminal Action No. 3:08-cr-56, ECF No. 207) be **DENIED** and **DISMISSED with prejudice** as an unauthorized second or successive petition.

Within **fourteen (14)** days after being served with a copy of this Recommendation, any party may file with the Clerk written objections identifying the portions of the Recommendation to which the objections are made and the basis for such objections. A copy of such objections shall

also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to the Recommendations set forth above will result in the waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Court directs the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia. The Court further directs the Clerk of the Court to mail a copy of this Report and Recommendation to the *pro se* Petitioner Michael Jay Brackett, by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: **July 1, 2015**

/s/ Robert W. Trumble
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE